UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVE WILLIAMS AND<br>REBA WILLIAMS, | : <br> : <br> : | |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | Civil No.:   3:16-cv-01633-VAB |
| RANDALL BEAN, ELIZABETH BLACK<br>BEAN, CHRISTOPHER BEAN, AND<br>MATTHEW BEAN, | : <br> : <br> : | JULY 25, 2018 |
| Defendants. | : <br> : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS**

Defendants and Counterclaim Plaintiffs, Randal Bean, Elizabeth Black Bean, Christopher Bean and Matthew Bean[1] (collectively, the "Defendants" and/or "the Bean Family"), respectfully submit this memorandum of law in support of their motion pursuant to Federal Rule of Civil Procedure 15 for leave to amend their counterclaims in this action.  A copy of the proposed Answer and Amended Counterclaims is attached as <u>Exhibit A</u> to the Motion for Leave to Amend.

**Procedural History**

On August 31, 2016, Plaintiffs and Counterclaim Defendants Dave and Reba Williams (collectively, the "Plaintiffs" and/or "the Williams") commenced this action by filing suit against the Bean Family in Connecticut state court. Dkt. No. 1-2. The Bean Family properly removed

---

[1] Because Plaintiffs' dismissed all claims against Matthew Bean, *see* Stipulated Dismissal, Dkt. No. 117, July 23, 2018, Matthew Bean remains in this case solely as a Counterclaim Plaintiff.

this case to this Court on September 29, 2016, Dkt. No. 1, and Answered the Complaint and Counterclaimed against the Plaintiffs on October 20, 2016. Dkt. No. 26.[2]

After the Bean Family amended their Counterclaims, with the Court's permission, on April 7, 2017, Dkt. No. 41, the Plaintiffs moved to dismiss the Amended Counterclaims on June 28, 2017. Dkt. No. 57. After hearing argument on the Plaintiffs' Motion to Dismiss the Bean Family's Counterclaims on September 14, 2017, Dkt. No. 72, the Court dismissed Count One of the Bean Family's Counterclaims for Abuse of Process because it "fail[ed] for want of maturity," Dkt. No. 80 at 19 n.5, because Plaintiffs' underlying claims against the Defendants had not yet been resolved.[3]

On July 23, 2018, Plaintiffs filed a "Stipulation of Discontinuance with Prejudice Solely as to Plaintiff's [sic] Claims as Against Matthew Bean." Dkt. No. 117. The Stipulation noted that the Bean Family's Counterclaims were still in force, including those of Matthew Bean. Stipulation at 1 ("[N]othing in this Stipulation is intended to release or otherwise waive . . . any and all of Plaintiffs' defenses as to each of the Defendants' counterclaims in this action including, without limitation, as to the counterclaims brought by M. Bean in this action against Plaintiffs.").

---

[2] The Bean Family Counterclaimed for (Count 1) Abuse of Process, (Count 2) Invasion of Privacy, (Count 3) Defamation, (Count 4) Absolute Private Nuisance, (Count 5) Negligent Private Nuisance, (Count 6) Violation of Conn. Gen. Stat. § 52-570 (Spite Fence), (Count 7) Violation of Conn. Gen. Stat. § 52-480 (Spite Fence Injunction), and (Count 8) Private Enforcement Action: Violation of Zoning Regulations.

[3] In addition, the Court dismissed Counts Six, Seven, and Eight as regards Christopher Bean and Matthew Bean because those counts required the Counterclaim Plaintiff to be a property owner, which Christopher and Matthew Bean admittedly were not. *Id.* at 31, 33. After the Court's Order on Plaintiffs' Motion to Dismiss, the Bean Family's Counterclaims that survived include (Count 2) Invasion of Privacy, (Count 3) Defamation, (Count 4) Absolute Private Nuisance, (Count 5) Negligent Private Nuisance, (Count 6) Violation of Conn. Gen. Stat. § 52-570 (Spite Fence), (Count 7) Violation of Conn. Gen. Stat. § 52-480 (Spite Fence Injunction), and (Count 8) Private Enforcement Action: Violation of Zoning Regulations, with the last three only being asserted by Randall Bean and Elizabeth Black.

**Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides, in relevant part, that "a party may amend its pleadings . . . with . . . the court's leave." "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir. 2005). "The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (internal quotations omitted). A motion to amend should be denied only for such reasons as "undue delay, bad faith, futility of the amendment," and "resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 303 (S.D.N.Y. 1996), *aff'd*, 116 F.3d 465 (2d Cir. 1997), citing *Foman, supra*, 371 U.S. at 182.  None of these factors is present here, and Defendant's motion should therefore be granted.

First, Matthew Bean's causes of action for common law and statutory vexatious litigation and abuse of process only became ripe on July 23, 2018, when Plaintiffs dismissed all causes of action against him with prejudice, resulting in the favorable termination of suit against him. Thus, there is no delay whatever, and certainly no undue delay. Second, Matthew Bean evinces no bad faith in adding these counterclaims. They are both procedurally proper, *see Rogan v. Rungee*, 165 Conn. App. 209, 220 (2016), and substantively appropriate. Third, the amendment would not be futile, but rather would add substantive causes of action against Plaintiffs, who have vexatiously pursued suit against Matthew Bean. Finally, there will be no prejudice to the Plaintiffs. There will be no effect on the pending motions for summary judgment, no further discovery will be

required, and Plaintiffs will have the opportunity to respond to the amended counterclaims at the appropriate time.

For all of the above reasons, Defendant Matthew Bean respectfully requests that this Court grant his Motion to Amend his Counterclaims.

Dated: July 25, 2018                     Respectfully submitted,


               By: */s/ James R. Nault*
                  Joseph L. Clasen (ct04090)
                  James R. Nault (ct29500)
                  Robinson & Cole LLP
                  280 Trumbull Street
                  Hartford, CT 06103
                  Telephone: (860) 275-8200
                  Fax: (860) 275-8299
                  Email:  jnault@rc.com
                  jclasen@rc.com


                  COUNSEL FOR THE DEFENDANTS/COUNTERCLAIM PLAINTIFFS RANDALL BEAN, ELIZABETH BLACK, CHRISTOPHER BEAN, AND MATTHEW BEAN.

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ James R. Nault*
James R. Nault